UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| LACEY SIVAK,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN OF ISCI,<br><br>    Respondent. | Case No. 1:24-cv-00489-BLW<br><br>**INITIAL REVIEW ORDER** |

  Petitioner has filed a petition for writ of habeas corpus, in which he challenges his life sentence for first-degree murder.[1] *See* Dkt. 1 at 10 ("Lacey seeks the relief set in Document One …"); Dkt. 1-1 at 6, 11 (arguing that "a 'life' sentence in Idaho is thirty years" and that Petitioner's imprisonment is illegal). Petitioner also cites the Americans with Disabilities Act ("ADA") and challenges the conditions of his confinement, including an alleged deprivation of property in violation of due process. Dkt. 1 at 10; Dkt. 1-1 at 11 et seq.; *see also* Dkt. 1 at 10 ("Lacey seeks the relief set in … Document Three"); Dkt. 1-3 at 4 (citing the Due Process Clause and discussing "grand theft" of property).

  The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254

---

[1] Before he filed the instant action, Petitioner raised his claims to the Idaho Supreme Court in a state habeas petition. Not satisfied with the speed with which the Idaho Supreme Court has dealt with his case, he now seeks the same relief in this Court.

Cases ("Habeas Rules"). For the following reasons, this case must be dismissed for lack of jurisdiction.

## REVIEW OF PETITION

### 1. Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (stating, in the context of a § 2241 petition, that "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions.") (internal quotation marks omitted), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382, 218 L. Ed. 2d 421 (2024).

### 2. Discussion

Petitioner previously brought a habeas corpus action in this Court challenging his conviction and sentence for first-degree murder. That petition was denied on May 8, 2024. *See Sivak v. Christensen*, No. 1:16-cv-00189-BLW (D. Idaho), at Dkt. 270. Petitioner has appealed this Court's decision in that case. *See id.* at Dkt. 272.

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in a previous habeas

corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("[A] district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotation marks omitted).

The instant Petition challenges the same conviction that was adjudicated in Petitioner's previous federal habeas corpus action, and Petitioner has not shown that he has obtained the required authorization from the court of appeals. Therefore, this case must be summarily dismissed.

Plaintiff's ADA claims and claims of unconstitutional conditions of confinement are subject to dismissal for the additional reason that they are not cognizable in habeas corpus. The remedy for the violations asserted in those claims would not be an immediate or speedier release from confinement, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), but instead an award of monetary damages or an order requiring the cessation of unconstitutional activities. Because such claims "do[] not lie at the core of habeas corpus," they "may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the federal civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

If Petitioner intends to assert conditions-of-confinement claims that do not call into question the very fact or duration of Petitioner's confinement, he must file a separate civil rights lawsuit.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 4) is GRANTED. Plaintiff must pay the filing fee when he next receiving funds in his inmate trust account.

2. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED without prejudice as an unauthorized successive petition.

3. Petitioner's "Petition for Preliminary Injunction" and "Petition for Court to Rebuild Document" (Dkts. 5 and 8) are DENIED AS MOOT.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner intends to appeal, he must file a timely notice of appeal in this Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: November 27, 2024

_____
B. Lynn Winmill
U.S. District Court Judge